AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>AMED ANTONIO SOLIS-ALONZO,<br><br>Defendant(s) | )<br>)<br>) Case No. 12-8379-WM<br>)<br>)<br>) |

FILED by _____ D.C.

SEP 21 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  September 10, 2012  in the county of  Palm Beach  in the
 Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C., Section 1326(a) | Illegal reentry after deportation. |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Andy Korzen, Deportation Officer, ICE
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9-21-2012

_____
Judge's signature

City and state:  West Palm Beach, FL    William Matthewman, U.S. Magistrate Judge
*Printed name and title*

### UNITED STATES v. AMED ANTONIO SOLIS-ALONZO
### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Andy Korzen, being duly sworn, depose and state as follows:

1. I am a Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) and have been so employed for over nine years. I am currently assigned to the Enforcement and Removal Operations, Criminal Alien Program, Stuart, Florida. As a Deportation Officer with ICE, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Amed Antonio SOLIS-ALONZO committed the offense of illegal re-entry after deportation, in violation of Title 8, United States Code, Section 1326(a).

3. On or about September 10, 2012, Amed Antonio SOLIS-ALONZO was arrested in Palm Beach County, Florida on charges of aggravated battery, failure to appear for a misdemeanor offense, and an outstanding warrant for battery-domestic violence and criminal mischief. He was booked and detained at the Palm Beach County Jail. Upon booking, his fingerprints were entered into the IAFIS system with a positive match for an individual previously removed from United States under alien number A098 488 072.

4. On or about September 11, 2012, at the Palm Beach County Jail, Immigration Enforcement Agent Cynthia Alcocer took a sworn statement from Amed

1

Antonio SOLIS-ALONZO. Post-*Miranda,* Amed Antonio SOLIS-ALONZO admitted to being a citizen of Honduras. He further admitted to last entering the United States in 2010, after being deported from the United States in 2007. Amed Antonio SOLIS-ALONZO also admitted that he did not seek permission from the U.S. government to re-enter the United States.

5. On or about September 17, 2012, your affiant received immigration alien file bearing control number A098 488 072 corresponding to Amed Antonio SOLIS-ALONZO. Records within this alien file assigned to Amed Antonio SOLIS-ALONZO show that he is a native and citizen of Honduras. Records further show that on or about December 21, 2004, Amed Antonio SOLIS-ALONZO was ordered removed from the United States. The Order of Removal was executed on or about February 22, 2007, whereby Amed Antonio SOLIS-ALONZO was removed from the United States to Honduras.

6. Border Patrol Fingerprint Examiner Richard Abbott conducted fingerprint comparison in this case. The fingerprint comparison confirmed that the individual encountered on September 10, 2012, that is, Amed Antonio SOLIS-ALONZO, was the same person previously removed from the United States on or about February 22, 2007.

7. On or about August 18, 2012, your affiant received the Certificate of Nonexistence of Records pertaining to Alien File Number A098 488 072 for the alien identified as Amed Antonio SOLIS-ALONZO, verifying that, after a diligent search, no record was found to exist indicating that Amed Antonio SOLIS-ALONZO had obtained consent from either the Attorney General of the United States or the Secretary of the

Department of Homeland Security for re-admission into the United States as required by law.

8. Based on the foregoing, your affiant avers that there exists probable cause to believe that, on or about September 10, 2012, Amed Antonio SOLIS-ALONZO, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

_____
Andy Korzen
Deportation Officer
Immigration and Customs Enforcement

Subscribed and sworn to before me
this 21st day of September, 2012.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. __12-8379-WM__

UNITED STATES OF AMERICA

v.

AMED ANTONIO SOLIS-ALONZO,

        Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
RINKU TRIBUIANI
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0150990
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711
Fax: (561) 820-8777
Rinku.Tribuiani@usdoj.gov